1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

COLLINS SYLVESTER WILLIAMS,
JR.,

            Plaintiff,

v.

THURSTON COUNTY
FAMILY/JUVENILE COURT,

            Defendant.

CASE NO. C14-5694 BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION

        This matter comes before the Court on the Report and Recommendation ("R&R")

of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 6), and

Plaintiff Collins Sylvester Williams Jr.'s ("Williams") objections to the R&R (Dkt. 7).

        On September 24, 2014, Judge Strombom issued the R&R recommending that the

Court dismiss Williams's complaint for failure to name a proper defendant and for failure

to state a claim.  Dkt. 6.  On October 8, 2014, Williams filed objections requesting that

the Court substitute defendants and arguing that his constitutional rights have been

violated.  Dkt. 7.

1    The district judge must determine de novo any part of the magistrate judge's

2 disposition that has been properly objected to. The district judge may accept, reject, or

3 modify the recommended disposition; receive further evidence; or return the matter to the

4 magistrate judge with instructions.  Fed. R. Civ. P. 72(b)(3).

5    In this case, Williams fails to state a claim no matter what defendant is named.

6 Williams's claim is based on the assertion that, while he was a pretrial detainee, he had a

7 right to either be released or transported to family court to participate in a child custody

8 hearing.  Dkt. 7.  Although Judge Strombom concluded that a pretrial detainee has no

9 right to be transported to litigate unrelated civil actions, this law only applies to prisoners

10 who have been convicted.  *Simmons v. Sacramento County Superior Court*, 318 F.3d

11 1156, 1160 (9th Cir. 2003) ("a prisoner has no constitutional right of access to the courts

12 to litigate an unrelated civil claim.").  On the other hand, Williams, who is a pretrial

13 detainee, has a substantive due process right against restrictions that amount to

14 punishment.  *United States v. Salerno*, 481 U.S. 739, 746 (1987).  Williams, however,

15 fails to allege that the failure to transport him was based on a punitive measure and "[a]n

16 official's refusal to transport a detainee to court for a civil trial that is unrelated to the

17 cause or conditions of the detention has a rational alternative purpose."  *Simmons*, 318

18 F.3d at 1161.  Therefore, Williams fails to state a claim for denial of due process.

19    The Court having considered the R&R, Williams's objections, and the remaining

20 record, does hereby find and order as follows:

21    (1)    The R&R is **ADOPTED**;

22    (2)    Williams's complaint is **DISMISSED**; and

1          (3)      The Clerk shall dismiss this case.

2          Dated this 4th day of November, 2014.

3

4                                          _____
                                           BENJAMIN H. SETTLE
5                                          United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 3